# IN THE COURT OF APPEALS OF IOWA

No. 18-1768
Filed January 23, 2019

**IN THE INTEREST OF W.D.,**
**Minor Child,**

**B.D., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A father appeals the modification of the permanency goal in a child-in-need-of-assistance case. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Julie F. Trachta of Linn County Advocate, Inc., Cedar Rapids, guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A father appeals the juvenile court's modification of the permanency goal in the child-in-need-of-assistance (CINA) case placing the child in the mother's custody. The father claims the juvenile court abused its discretion in denying his motion to continue the second day of the permanency hearing. We find the juvenile court did not abuse its discretion in refusing to grant the father's motion.

## I.       Background Facts & Proceedings

B.D., father, and J.D., mother, are the parents of W.D., born in 2009. In 2011, the parents divorced and the child was placed in the father's sole custody with sobriety-related conditions for the mother's visitation.

On or about October 3, 2017, the Iowa Department of Human Services (DHS) removed the child from the father's custody following the father's arrest on suspicion of domestic abuse with his paramour witnessed by the child.[1] Both the father and his paramour were very intoxicated. The father and paramour's frequent intoxication and assaultive behavior had resulted in several calls to police and a prior overnight removal of the child in September.

The parties stipulated the child was a CINA as alleged in the State's petition. On October 12, the court adjudicated the child as CINA pursuant to Iowa Code section 232.2(6)(c)(1), (c)(2), and (n) (2017). The child was placed with the mother, who is sober and has a safe and stable home for the child. The father was ordered to complete mental-health and substance-abuse evaluations and to follow

---

[1] The charges from this incident were later dropped.

the recommendations. He completed the evaluations but did not complete recommended treatments and falsely reported to DHS his participation.

In January 2018, a communication plan was established between the father, DHS, and social workers. The plan was deemed necessary due to excessive calls and emails from the father. The father behaved erratically, deteriorating to the point of verbal abuse toward the workers supervising his visits, lying about his availability for visits and phone calls, and lying to the child. The father missed multiple visits with the child, blaming his absence on vehicle problems, work conflicts, the State workers cancelling the visits, and other unverified excuses. The father's visits and phone calls are supervised by multiple persons due to the father's dishonesty and threatening behaviors.

In March, the mother applied to change the CINA permanency goal to maintain the child with her and requested concurrent jurisdiction for a related custody action. In late July, approximately one week before the permanency hearing began, the police were called to the father's house multiple times and the father was arrested again for domestic assault against his paramour.

The court held a hearing on the mother's application on July 30 and August 2. On the first day, the court heard testimony from police officers who had responded to calls at the father's house, social workers, the DHS case manager, and the father. The father began his testimony on July 30 and was scheduled to finish testifying on August 2.

At 8:15 on the morning of August 2, with the hearing scheduled to resume at 9:00 a.m., the father texted his attorney saying his car had broken down in Waterloo and was requesting a continuance. His attorney attempted to call him,

but the call went straight to the father's voicemail which was either full or not set up for messages. The father's paramour did not appear for the hearing, indicating to the father's attorney she would not honor the subpoena, claiming she was in Wisconsin. When the hearing began at 9:00 a.m., the father's attorney requested a continuance; the State opposed the motion and indicated it considered the father to be intentionally absent and attempting to delay the proceedings. The mother's attorney and the child's guardian ad litem also resisted the continuance; the guardian ad litem noted the father's absence was suspicious after the father missed his scheduled phone call with the child the night before. The father did not answer attempted phone calls from the court.

Following the court's attempts to contact the father at multiple phone numbers and a police check at the father's home, the court stated if the matter could be rescheduled within seven days, the continuance would be granted for the father to complete his testimony. The court expressed concern the father's failure to appear was an attempt to "manipulate and delay matters." The hearing could not be reset within the seven-day time frame due to scheduling conflicts with the father's attorney, and the court's schedule was full after the proposed time frame. After the failed efforts to contact the father or reschedule in a timely manner, the court denied the father's motion. The attorneys gave professional statements and made recommendations to the court and the hearing concluded.

On September 28, 2018, the court granted the mother's application and modified the CINA permanency goal to maintain the child with the mother. The court granted the mother's request for concurrent jurisdiction to modify district court custody orders. The father appeals.

## II.    Continuance Motion

The father contests the court's disposition of his oral motion to continue the second day of the permanency hearing made at the beginning of the second day. "A motion for continuance shall not be granted except for good cause." Iowa Ct. R. 8.5. "We review a motion for continuance under an abuse of discretion standard and will only reverse if injustice will result to the party desiring the continuance." *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996). "The concept of justice incorporates a prejudice component, which must be viewed in a pragmatic fashion." *In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013). The denial of a motion to continue must be unreasonable under the circumstances to warrant reversal. *C.W.*, 554 N.W.2d at 281; *see also In re D.G.*, No. 09-1291, 2009 WL 3337681, at *1 (Iowa Ct. App. Oct. 7, 2009).

The date and time for both days of the hearing were set by court order on April 3. The father knew at the end of the day on July 30 that he would be continuing his testimony first thing on August 2. The father lived less than ten miles away but texted his attorney forty-five minutes before the hearing that his vehicle had broken down approximately an hour away. The father was unreachable by either his attorney or the court—not answering his phone or having any method for the court to leave him a message. The hearing could not be rescheduled in a timely manner. Upon our review, we believe fault can be placed with the father for not making adequate arrangements to be at the hearing that day or be reachable to explain his need for a continuance to the court. The father continues with visitation with his child and eligibility for services with DHS. The child's CINA adjudication also continues. Under the facts and circumstances of this case, we

find the juvenile court's decision is reasonable, protects the best interests of the child, and does not result in injustice to the father. *See C.W.*, 554 N.W.2d at 281. The court did not abuse its discretion in denying the father's motion to continue the hearing on the mother's application to change the permanency goal.

**AFFIRMED**